### S. P. HUDDLESTON et al. *v.* THE STATE.

**A Scire Facias is a Pleading as well as Process and is Amendable.**

A scire facias on a judgment *nisi* on forfeited recognizance is the complaint in a proceeding as well as process, and when made returnable to certain term of court, service should be had on defendants five days before the term and not so served, a judgment rendered by default at that term of the court is void.[1]

A recognizance was taken by the sheriff of Chickasaw county for the appearance of James Taylor to answer a charge of grand larceny. The recognizance recites that John Taylor, principal,

---

[1]
A scire facias on a judgment *nisi* is to be regarded as a declaration as well as process, and is amendable, as other pleadings. Carey's Case, 39 Miss. 511.

Under the stringent rules on the subject, a scire facias upon a judgment *nisi* rendered upon forfeited recognizance, which recites the legal effect of the recognizance but not its terms, is insufficient; but being both a pleading and process it may be amended so as to conform to the recognizance. Tucker *v.* State, 55 Miss. 452; Pounds *v.* State, 60 Miss 925.

As to the nature of the writ, whether an execution or original process, see Pollard *v.* Eckford, 50 Miss. 631.

A scire facias which cites defendants to appear at the next term of the Circuit Court to be held in G. is not void for omission of the day of the month, as the law fixes the date for the beginning of the term. State *v.* Ricketts, 67 Miss. 409, 7 So. 282.

Where sureties on a recognizance have been served, but fail to appear on the scire facias, they cannot predicate error on a variance between the bond and the scire facias, the bond not being properly a part of the record of the scire facias proceedings. Smith *v.* State, 76 Miss. 728, 25 So. 491.

and the sureties agree to pay the State of Mississippi $300, unless John Taylor shall appear at the next term of the Circuit Court of Chickasaw county, and from day to day and term to term until discharged, to answer a charge of grand larceny. It does not state when or where the said term of court would be held. Appellants, Huddleston and others, were the sureties on the bond. Taylor did not appear at the next term of that court and a forfeiture was taken on the bond and a judgment *nisi* was rendered against him and his sureties. On this judgment a scire facias was issued, returnable to the September, 1883, term of the court of said county which convened on the 17th day of that month. Defendants were served with process on the 14th day of September, just three days before the return day of the court. They did not appear and on the 18th day of September final judgment, by default, was rendered against Taylor and his sureties. From that judgment this appeal is taken.

APPEALED from Circuit Court of Chickasaw county, J. W. BUCHANAN, Judge.

Reversed and remanded, January 21, 1884.

*Attorneys for appellant, McIntosh & Williams.*

*Attorneys for State not named, in record.*

Brief of McIntosh & Williams:

We insist that the judgment of the Circuit Court should be reversed.

1. Because of the variance between the recitals in the recognizance and those in the writ of scire facias. The recognizance provides that John Taylor, principal, and the sureties therein named agree to pay the State $300 unless John Taylor shall appear at the *next term* of the Circuit Court of the Second District of Chickasaw county and from day to day and from term to term until discharged by law, to answer a charge of grand larceny. It does *not recite when or where* the next term of the Circuit Court of the Second District of Chickasaw was to be holden. * * *

The scire facias recites, that in the recognizance these sureties obligated themselves to have their principal, John Taylor, present " at the next term of the Circuit Court, to be holden thereafter at the courthouse in the town of Okolona on the third Monday of March, 1883," etc.   The utmost precision and particularity is required in the proceeding.   In the case of Tucker *v.* State, 55 Miss. 453, the judgment was reversed, the cause remanded, with leave to the district attorney to amend the scire facias.   In that case the recognizance bound the recognizor to appear at the May term, 1874, and to attend said court from day to day and term to term until regularly discharged.   He failed to appear at the September term, 1876, and judgment *nisi* was rendered.   The scire facias recited a recognizance to appear and answer at the September term, 1876.

This court, in its opinion, admitted that undoubtedly the recognizance did bind the party to appear and answer at all the succeeding terms, until discharged, and whilst this was its legal effect yet the court says, " under the stringent rules heretofore announced by this court, in many cases, as to the necessity of making the recitals of the scire facias *conform strictly* to the terms of the recognizance, we do not feel authorized to affirm the judgment below," and cites the case of Curry *v.* The State, 39 Miss. 511; Overaker *v.* The State, 4 S. & M. 738; Daingerfield *v.* The State, 4 How. 658; Douthit *v.* The State, 30 Miss. 133.   *   *   *

The scire facias is to be regarded as a complaint in the proceeding as well as the process or writ by which the defendant is summoned to appear.   Curry *v.* The State, 39 Miss. 515.

Such being the case it was clearly error in rendering judgment against the appellants at the September term, 1883, of the Circuit Court of the Second District of Chickasaw county, which by law convened on the third Monday of September, which was the 17th day of the month, as shown by the calendar for that year, when the return of the sheriff shows service was not had on them until the 14th of September, which was the last Friday before court.

Section 1525 of the Code of 1880 provides, that " the summons shall be made returnable on the first day of the term, and shall be executed *five* days before the return day thereof, and if it shall

be executed within five days befoie said return day, it shall be good to require the appearance of the party at the next term after that to which it is returnable."

Section 3043 provides, that the scire facias may issue returnable to the next term of such court as in *other cases,* referring of course to the requirements of section 1525, that theory is sustained in the case of Curry *v.* The State, above cited.

The record shows that the service was had but *three* days before return day, and a judgment final was rendered on the 18th day of September, which was the second day of the court, and only *four* days after service.

Brief for the State is not found in the record.

CHALMERS, J., delivered the opinion of the court.

The writ of scire facias was served less than five days before the first day of the term to which it was returnable. It was, therefore, error to take judgment by default at that term.

The scire facias did not follow literally the recitals of the recognizance as it should have done, but as it is amendable this can be remedied on the return of the case to the Circuit Court. Tucker v. State, 55 Miss. 453.

Reversed and remanded.